IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDY ELLIS WILLIAMS                                                            PLAINTIFF

v.                              Civil No. 4:24-cv-04064-SOH-MEF

JASON MITCHELL (Public Defender) and
JOHN PICKETT (Public Defender's Office)                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on June 20, 2024.  (ECF No. 1).  Plaintiff alleges that from June to October of 2022, he repeatedly, in both verbal and written form, demanded a fair and speedy trial.  (*Id*. at 4).  Based on his allegations, it appears that Defendant Mitchell was his first public defender.  (*Id*. at 5).  Instead of receiving a speedy trial, he received a copy of a motion for continuance "with an obviously forged signature."  (*Id*.).  The motion also contained the signatures of his public defender, the judge, and the prosecutor.  (*Id*. at 5).  Defendant Mitchell then assigned Defendant Pickett as his public defender "to avoid being exposed in court during our next

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

appearance." (*Id*.).  Plaintiff alleges he was denied his rights to a fair and speedy trial and threatened into a plea agreement under the exact day he was to be released under ARCP 28.1, which Defendant Pickett denied existed.  (*Id*.).

Plaintiff proceeds against both Defendants in their official and individual capacities.  (*Id*.).  As his official capacity claim, he states: "Individuals are incarcerated for state inmate funding for housing and care, for as long as possible, and denied representation, and left to feel abandoned."  (*Id*.).

Plaintiff seeks compensatory and punitive damages for "mental anguish, loss of freedom, violation of multiple constitutional rights, and criminal acts of forgery in direct violation of written law."  (*Id*. at 9).

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Defendants Mitchell and Pickett are identified by Plaintiff as public defenders who presumably represent or represented Plaintiff during his state criminal proceedings.  They are not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  Defendants Mitchell and Pickett were not acting under color of state law while representing Plaintiff in his criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").  Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendants Mitchell and Pickett.

### IV.    CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g)

3

and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE