IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDY ELLIS WILLIAMS                                                                                          PLAINTIFF

v.                                              Case No. 4:24-cv-4064

JASON MITCHELL; JOHN PICKETT                                                                    DEFENDANTS

**ORDER**

      Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 6. Upon preservice screening of Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A(a), Judge Ford recommends that Plaintiff's claims be dismissed for failing to state a claim upon which relief may be granted because Defendants, as public defenders, are not subject to liability under 42 U.S.C. § 1983. Judge Ford further recommends that a 28 U.S.C. § 1915(g) strike flag be placed on this case for future judicial consideration and that any appeal of this dismissal would not be taken in good faith.

      Plaintiff filed a timely objection.[1] ECF No. 7. Plaintiff asserts that Defendants clearly acted under color of law as his public defenders during state criminal proceedings against him. The Court finds that this objection is sufficiently specific to require a de novo review of Judge Ford's R&R. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (noting that a pro se objection must be given a liberal construction when determining if it specific).

      Plaintiff's complaint asserts that Defendants violated his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial, while also adding "IX To Deny rights." ECF No. 1, p. 3-5. Plaintiff's allegations all center around Defendants' time serving as his counsel during state criminal proceedings. Plaintiff contends that Defendants improperly requested a continuance of the

---

[1] Though Plaintiff's objection was docketed beyond the August 2, 2024 deadline, he mailed his objection within the appropriate timeframe. ECF No. 6, p. 6.

trial in that matter without his consent. Plaintiff states that he proceeds against Defendants in their individual and official capacities.

However, precedent has long established that public defenders are not individuals acting under color of law with regards to § 1983 when carrying out their official duties representing a defendant in criminal proceedings.[2] *See Townsend v. Jacks*, 417 Fed. App'x 577, 577-78 (8th Cir. 2011) ("[The defendant] failed to state a claim because public defender was not acting under color of state law when representing [the defendant].") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")). Every improper action Plaintiff alleges against Defendants occurred during the course of their representation during the state criminal matter. Thus, Defendants were not acting under color of law when taking the actions detailed in Plaintiff's complaint. *See id*. Accordingly, Plaintiff has failed to state a cognizable claim under § 1983.[3]

For the reasons stated above, the Court adopts Judge Ford's R&R *in toto*. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to place a strike flag on this case pursuant to 28 U.S.C. § 1915(g). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 27th day of August, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] "Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory* or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983 (emphasis added).

[3] After Judge Ford issued the instant R&R, Plaintiff filed a Motion to Amend Complaint. ECF No. 8. However, Plaintiff's proposed amendment only seeks to limit his claims against Defendants to actions taken in their individual capacity. The Court finds that the amendment would be futile in light of the analysis in this Order.